## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRENT EDWARD MARTIN, # Z-746,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 1:21-00230-KD-N |
| **ZACHARY S. HARD,** | : |
| Defendant. | : |

## ORDER

This civil action is before the Court on Plaintiff Martin's initial motion for discovery (Doc. 33, PageID.441), his subsequent Motion for Discovery (Doc. 35, PageID.447), and his Response to Defendant Hard's Objection to My Discovery Request (Doc. 38, PageID.459) as well as Defendant Hard's "Response to Court Order (Doc. 34) and Plaintiff's Initial Motion for Additional Discovery (Doc. 33)" (Doc. 37, PageID.452), which contains the corrected affidavit from Warden Vencini Smith (Doc. 37-1, PageID.457).

**initial Motion for Discovery**   **(**Doc. 33).

**Request 1:**

In Martin's initial motion for discovery, he requested the disciplinary report of Defendant Hard connected to his assault on September 28, 2019 and any statements made at the hearing about the assault. (Doc. 33, PageID.441). Defendant Hard responded that he does not object to the disclosure of the disciplinary report and accompanying exhibits, as they are an open record under Alabama law, but he requests that in the interests of maintaining prison security and discipline, rather than providing a copy of these documents to Martin, Martin be allowed to only inspect them. (Doc. 37, PageID.453).

Upon consideration, the first part of Martin's Request 1 is **GRANTED** but is **LIMITED** to Martin inspecting the report and exhibits.  Counsel for Defendant Hard is **ORDERED** to arrange with Martin's custodian for Martin's inspection of the report and exhibits by **March 8, 2023** and to file with the Court a notice upon the inspection's completion.

The second part of the Request 1 seeks the identity of any other officer who may have been disciplined concerning the September 28, 2019 incident and statements made by the officer. (Doc. 33, PageID.441). Defendant Hard did not respond. Upon consideration, the second part of Request I is **GRANTED.**  Defendant Hard is **ORDERED** to provide this information by **March 8, 2023.**

### Request 2:

Martin's second discovery request seeks "any electrical records, text messages and emails or statements concerning the 9/28/19 incident" from eleven named prison officials, including any evidence of whether "any of these named individuals who may have viewed the now missing recording of the 9/28/19 incident."  (Doc. 33, PageID.441).

Defendant Hard responded that "[t]his request is overbroad, unduly burdensome, and with respect to many of the named individuals, not reasonably likely to lead to relevant information." (Doc.  37 at 2, PageID.453).  Defendant Hard identified the named officials as personnel who happened to be on duty the day of the assault.  (*Id.*).  The complaint, however, does not describe any of these individuals as being a witness to the assault. (*See* Doc. 1).

Therefore, the first part of Request 2 is **DENIED** as it is overbroad and does not show that it would lead to information that is relevant to whether Defendant Hard was deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511

U.S. 825, 828, 114 S.Ct. 1970, 1874, 128 L.Ed.2d 811 (1994).

The second part of Request 2 seeks to know whether any of the named individuals viewed the recording of the September 28, 2019 incident, which is now missing. (Doc. 33, PageID.441). The second part of Request 2 is **GRANTED**. Defendant Hard is **ORDERED** to respond to this request by **March 8, 2023.**

### Request 3:

Martin's third discovery request seeks I & I's "report[s] or document[s,] electronic or paper records, text messages, [or] email[s] concerning the 9/28/19 incident." (Doc. 33 at 1, PageID.441). Defendant Hard's response advises that the I & I division has been renamed the Law Enforcement Services Division (LESD) and its Investigative Report was included in the initial Special Report. (Doc. 22-4, PageID.94). Upon consideration and review of the previously submitted report, Request 3 is **DENIED.**

### Request 5:

Martin's fifth discovery request seeks the "duty post logs . . . [from] 9/21/19 thru 9/27/19 and any memo, paperwork, email, or text message which has any info concerning the incident of 9/28/19." (Doc. 33 at, PageID.442). Defendant Hard objected as the Evening Duty Post Logs for the night of the assault, September 28, 2019 were already provided. (Doc. 37 at 3, PageID.454; *see* Doc. 22-6, PageID.104 & Doc. 31-4, PageID.427). Defendant Hard further objected because the information is not relevant to whether Defendant Hard was negligent or failed to protect Martin from the assault and would present a security risk by disclosing the prison's operational information without providing relevant information to Martin's claims. (Doc. 37 at 3, PageID.454). Upon consideration, and because the Evening Duty Post Logs were already provided for the

night of the assault, Request 5 is **DENIED** except as to the Evening Duty Post Logs of September 26, 2019.  *See below re:* Doc. 38, PageID.459, Response to Defendant Hard's Objection to My Discovery Request.

**Subsequent Motion for Discovery**  (Doc. 35)

   **Request 1**:

   This request is repetitive of Martin's prior requests except for the statement that "[i]n defendant Hard's affidavit he states – I was on duty alone, which is normal due to understaffing at Holman.  The duty post log shows otherwise PageID # 427 of the Special Report."  (Doc. 35, PageID.447).  Nothing was requested by this statement, and the other matters were addressed above in this order.

   **Request 2**:

   Request 2 contains much background information but does not contain a request. (*Id.* at 2, PageID.448).  Martin believes that it is reasonable that Officer Lee made a statement to I & I's investigators because reflected in the Investigative Report, it was stated that when inmate McMillian saw Officer Lee, he passed the handmade weapon off to an unidentified inmate.  (*See* Doc. 22-4 at 1, PageID.94).  And in the Supplemental Special Report, the Duty Post Log (Doc. 31-4 at 2, PageID.428) shows at 11:27 p.m. that "inmate P-25 Joshua Russell was observed out of his cell walking the tier by CCO Harris[,]" which is "well past lockdown."  (Doc. 35 at 3, PageID.449).  Martin makes these points but does not request discovery.  Rather, these statements are products of information already provided Defendant Hard.

   **Request 3**:

Martin's third discovery request seeks the records mentioned in I & I's "detailed" Investigative Report, such as any I & I reports, documents, electronic or paper records, including emails or text messages concerning the 9/28/19 incident. (Doc. 35 at 3, PageID.449). The undersigned finds that no records were referred to in the Investigative Report. Therefore, Request 3 is **DENIED.**

<u>Request 4</u>:

Martin's fourth discovery request seeks "any record of a memo [he] believe[s] that was issued to prevent [him] and Inmate McMillian from showering at the same time," which should have been written approximately seven days before the incident, and "any records including email or text message which may mention a restriction." (Doc. 35 at 3, PageID.449). Defendant Hard is **ORDERED** to provide this information by **March 8, 2023.**

**<u>Response to Defendant Hard's Objection to My Discovery Request</u>** (Doc. 38)

In Martin's Response (Doc. 38, PageID.459), which contains many statements, Martin states that he was not provided a duty post log for 9/26/19 when Officer Jones used a different shower procedure that was ignored by Defendant Hard on 9/26/19. Defendant Hard is **ORDERED** to provide this information by **March 8, 2023.**

**DONE and ORDERED** this the **25th** day of **January 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**